UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DR. COLLEEN ERBEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. JOHANNS, SECRETARY )<br>UNITED STATES DEPARTMENT OF )<br>AGRICULTURE, and all successors )<br>in interest, )<br>)<br>Defendant. ) | No. 3:04-CV-555<br>Phillips/Guyton |

## STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF MATERIALS SUBJECT TO THE FEDERAL PRIVACY ACT

IT IS HEREBY STIPULATED AND AGREED by and between the parties that the parties are required to disclose pursuant to Rule 26(a), or the parties have requested or may request pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, subject to compulsory legal process by this Court, certain documents which are deemed private and confidential under the Federal Privacy Act (5 U.S.C. § 552a). These documents may include records kept by the United States Department of Agriculture of individuals who are not parties to this litigation and Plaintiff's medical and psychological records and tax returns.

It is further stipulated that disclosure of these records is allowable under 5 U.S.C. § 552a(b)(11), subject to the terms and conditions set forth below.

This Order applies to, governs, and directs in the course of this action the disclosure of all United States Department of Agriculture (USDA) records which are either covered by the Privacy Act or which otherwise contain personal information regarding individuals other than Plaintiff

and which are reasonably necessary or useful to respond to discovery required under Rule 26, Federal Rules of Civil Procedure. However, this Order neither addresses nor overrules any objections to discovery made pursuant to the Federal Rules of Civil Procedures. This Order permits Defendant to produce files or documents or categories of files and documents required to be produced pursuant to Rule 26(a), Federal Rules of Civil Procedure, or reasonably calculated to provide Plaintiff the discovery she seeks without requiring Defendant to review each document in advance for Privacy Act objections and present those objections to this Court for a decision regarding disclosure.

IT IS HEREBY STIPULATED AND AGREED by and between counsel to the parties that Defendant, Michael O. Johanns, Secretary of USDA, and the USDA, by and through James R. Dedrick, Acting United States Attorney for the Eastern District of Tennessee, will produce for Plaintiff's counsel's inspection and copying certain documents that are subject to the Privacy Act, pursuant to Rule 26(a), Federal Rules of Civil Procedure, and any request of Plaintiff for such documents, to the extent they are reasonably calculated to lead to the discovery of admissible information in this civil action, and pursuant to this Protective Order.

IT IS FURTHER STIPULATED AND AGREED THAT Plaintiff will produce for Defendant's counsel's inspection and copying certain documents that are subject to the Privacy Act, pursuant to Rule 26(a), Federal Rules of Civil Procedure, and any request of Defendant for such documents, to the extent they are reasonably calculated to lead to the discovery of admissible information in this civil action, and pursuant to this Protective Order.

## TERMS AND CONDITIONS

1.  Records produced by the parties that are hereby designated confidential and proprietary include: (a) any and all documents that constitute a record[1] as defined by 5 U.S.C. § 552a or otherwise contain information protected from disclosure by the Federal Privacy Act and (b) Plaintiff's medical, psychological, and financial records.

2.  Any party may oppose the designation of material as protected by this Order. Should a party oppose such designation, it must first notify in writing the party seeking protection of the material at issue and state the basis for the objection. If the parties are unable to resolve the dispute within fifteen (15) days of such notice, the party seeking protection of the disputed material may seek an Order from the Court pursuant to Rule 26(c).

3.  Such confidential and/or proprietary material may be disclosed only to the following persons:

    a.  The parties' counsel shall be allowed to copy these records but shall not disclose any of these records or any of the information obtained from them to any person unless that disclosure is reasonably calculated in good faith to aid in the preparation or prosecution of this litigation. The parties shall ensure that any person to whom disclosure may be made shall, prior to such disclosure, be informed of the terms of this Order. All persons to whom such disclosure is made and who are aware of this Order shall themselves be bound by the terms of this Order;

---

[1] "[T]he term 'record' means any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." 5 U.S.C. § 552a(a)(4).

3

b. No person to whom a record covered by this Order is disclosed shall make a copy of the record unless copying reasonably promotes the preparation for and trial of this litigation. Neither Plaintiff nor any individual to whom disclosure is made by any party shall further disclose a record covered under this Order or any information contained in or derived from such a record except for the purposes of preparing for and prosecuting this litigation;

c. Any person of whom testimony is taken, except that such person may only be shown copies of confidential and proprietary material directly relevant to and during his or her testimony or preparation therefore and may not retain any of the confidential and proprietary materials;

d. Plaintiff, who may be shown copies of confidential and proprietary material but who must return or destroy such material upon termination of the litigation, pursuant to the terms of this Order, and who may not discuss or disseminate such material outside the context of this litigation;

e. The Court.

Except for the Court, any of the foregoing persons who review any of the confidential and proprietary materials shall be deemed to have voluntarily subjected themselves to the requirements of this Order and the jurisdiction of this Court to enforce the same, and such persons shall be subjected to the terms, requirements, and limitations of this Order.

4. To the extent any of this confidential and proprietary material is used or referred to in depositions, that portion of the discovery material should be treated in the same way as the confidential and proprietary materials. Transcripts of depositions containing such material shall not be filed unless it is necessary to do so for purposes of trial and/or resolution of this case,

motion for summary judgment, or other motions. If a deposition transcript is filed that contains confidential and proprietary material, the transcript shall bear the appropriate legend on the captioned page and be filed under seal.

5. In the event any confidential and proprietary material is used in any Court proceeding herein, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

6. Upon conclusion of this action (including appeals), all copies of records (except copies of documents accepted into evidence) made pursuant to and protected by the terms of this Order shall within a reasonable period either be returned to the disclosing party, upon request, or destroyed by the receiving party.

7. All information subject to confidential treatment in accordance with this Stipulated Order as filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any confidential information, shall be filed with redactions of confidential information or filed under seal and kept under seal until further Order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

Nothing in this Order constitutes any decision by the Court concerning discovery disputes, the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction; nor does the Order constitute a waiver by either party of the right to object to the discovery of or admission into evidence of any record or information subject to this Order.

The parties are directed to comply with the foregoing Order.

ENTER:

*Thomas H. Phillips*

THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

Tendered by:

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANTS |
|---|---|
| | JAMES R. DEDRICK |
| | Acting United States Attorney |
| /s Jennifer B. Morton (w/perm. By SHB) | By:/s Suzanne H. Bauknight |
| Jennifer B. Morton #15585 | Suzanne H. Bauknight #19293 |
| 8217 Pickens Gap Road | Assistant United States Attorney |
| Knoxville, TN 37920 | 800 Market St., Suite 211 |
| (865) 579-0708 | Knoxville, TN 37902 |
| | (865) 545-4167 |