UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DR. COLLEEN ERBEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-555 |
| ) | (Phillips) |
| MICHAEL O. JOHANNS, SECRETARY ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for clarification and to alter or amend the judgment [Doc. 198]. Plaintiff requests the following: (1) an award of pre-judgment interest on any portion of the judgment designated as back wages; (2) an award of post-judgment interest on the entire judgment; and (3) reinstatement of the jury's award of back wages for the time Dr. Erbel was unable to work after the suspension in September 2002 until the date her retirement was approved on May 31, 2002.

The defendant does not oppose the inclusion in the judgment of pre-judgment interest on the back wages award and post-judgment interest on the total award, from the date of entry of the judgment, at the rate set forth in 28 U.S.C. § 1961

[Doc. 203]. Accordingly, plaintiff's motion is **GRANTED IN PART** to include pre-judgment interest on the back wages and post-judgment interest on the total award, at the rate set forth in 28 U.S.C. § 1961.

Plaintiff's motion for reinstatement of back wages from the time of her suspension in September 2002 until the date her retirement was approved on May 31, 2003 is **DENIED.** The record does not support plaintiff's argument that she is entitled to back wages to the date of her retirement. Plaintiff's argument is premised upon the Sixth Circuit's decision in *Lulaj v. The Wackenhut Corp.,* 512 F.3d 760 (6th Cir. 2008). However, in *Lulaj,* the Sixth Circuit affirmed the trials court's reduction of the back pay award to cover "only the period between the denial of Lulaj's promotion and *her decision to quit.*" *Id.* at 767 (emphasis added). The record shows that plaintiff applied for Social Security disability retirement in conjunction with her decision to apply for disability retirement with her employer sometime in September 2002. Since the record establishes that plaintiff had decided to retire in September 2002, she would not be entitled to any additional back wages under the reasoning of *Lulaj.*

Accordingly, plaintiff's motion for clarification and to alter or amend the judgment [Doc. 198] is **GRANTED IN PART AND DENIED IN PART:** plaintiff's motion for pre-judgment interest on the back wages and post-judgment interest is **GRANTED;** plaintiff's motion to reinstate back wages is **DENIED.**

**IT IS SO ORDERED.**

**ENTER:**

      <u>  s/ Thomas W. Phillips  </u>
      United States District Judge